Argued December 21, reversed December 30, 1915.

## HECKINGER *v.* SWANK.*

(153 Pac. 784.)

**Execution—Evidence Sufficient to Discharge Execution Against Person.**

1. In a proceeding to obtain a discharge from imprisonment under an execution against the person, evidence examined and *held* to show that the debtor had no property whatever liable to execution.

**Execution—Necessary Parties to Proceedings to Attack—Husband and Wife.**

2. Whether a conveyance by a husband to his wife be valid or fraudulent, she is a necessary party to a proceeding to set it aside, and the imprisonment of the husband on an execution against the person cannot be used as a means to extort from the wife the payment of the husband's debts, neither can such imprisonment be made to rest upon mere whim or caprice, or in utter disregard of the evidence.

**Execution—Discharge from Imprisonment on Taking Debtor's Oath.**

3. Where a party was imprisoned under execution against the person, and was destitute of any means that could be applied to the satisfaction of judgment, it is the duty of the judge to administer the debtor's oath prescribed by Section 4549, L. O. L., and in addition thereto to grant him the certificate of discharge prescribed by Section 4550, L. O. L.

[As to statutes violating prohibitions against imprisonment for debt, see note in 37 Am. St. Rep. 758.]

**Fraudulent Conveyances—Right of Husband to Donate Services to His Wife.**

4. A husband may rightfully give his services, however valuable, to his wife, and his creditors cannot complain of his so doing. *King* v. *Voos*, 14 Or. 91 (12 Pac. 281), and *Livesley* v. *Heise*, 48 Or. 147 (85 Pac. 509), approved and followed.

From Multnomah: HENRY E. McGINN, Judge.

This is an action by L. E. Heckinger against J. D. Swank. The defendant being imprisoned by virtue of an execution against the person, applied to a judge of

*On the right of husband's creditor's to reach fruits of his management of, or services in connection with wife's separate estate or business, see notes in 21 L. R. A. 623; 23 L. R. A. (N. S.) 1124.

REPORTER.

the Circuit Court of Multnomah County for his discharge, which was denied, and he appeals.

REVERSED WITH DIRECTIONS.

For appellant there was a brief with oral arguments by *Mr. Fred W. Bronn* and *Mr. H. L. Ganoe.*

For respondent there was a brief over the names of *Mr. Arthur A. Murphy* and *Messrs. Johnson & Stout,* with an oral argument by *Mr. Murphy.*

In Banc.   MR. JUSTICE BURNETT delivered the opinion of the court.

"Every person confined in jail on an execution issued on a judgment recovered in an action wherein the defendant is liable to be arrested, may be discharged therefrom at the end of ten days from his first confinement, upon the conditions hereinafter specified": Section 4544, L. O. L.   After a required notice has been given, the Code specifies that the person shall be taken before the judge, who shall examine him on oath concerning his estate and effects and the disposal thereof, and his ability to pay the judgment for which he is committed, and shall also hear any other legal or pertinent evidence that may be produced by either party.   It is further prescribed in Section 4549, L. O. L., that if the judge upon such examination shall be satisfied that the prisoner has no real or personal property conveyed, concealed or in any way disposed of with a design to secure the same to his own use, or to defraud his creditors, he shall administer to him an oath, the form of which is laid down, and grant him a certificate of discharge, upon receipt of which the jailer shall let the judgment debtor go, unless he is detained for some other cause.   On appeal the defend-

ant attacks the statute as unconstitutional, and further contends that the court had no jurisdiction to issue an execution against his person, for the reason that the like writ against his property had not been returned unsatisfied. The third basis of attack upon the refusal of the court to discharge him is that the testimony shows that the debtor has no property applicable to the payment of the debt involved. We pass the want of jurisdiction and the unconstitutionality of the act with this remark: That it seems incongruous for the defendant to litigate under a statute which he says is out of harmony with the fundamental law and to ask to be dismissed in a proceeding which would not be undertaken unless the court had rightfully imprisoned him.

1. On the merits a careful perusal of the testimony shows that the debtor has no property whatever liable to execution. The only witnesses examined were himself, a deputy in the county clerk's office, and one of the attorneys for the plaintiff. The utmost that is shown by the testimony of the defendant himself is that in 1907 a lot in Ina Park was conveyed to him; that in 1909 he and his wife joined in a conveyance of the same to Titus & Whittier; and that in 1909 the defendant conveyed to his wife a lot in Albee's subdivision of Glenhaven Park. The defendant, the only witness on the subject, explained that his wife acquired the lot on some kind of drawing, and the title was put in his name by mistake, which he corrected by this deed. All these transactions happened before the parties to this action had any dealings with each other. The defendant testifies that he follows the occupation of real estate broker, and as such managed his wife's affairs and attended to her exchanges and purchases of real prop-

erty, all without charge to her. He says that when they were married his wife had money of her own, which she invested in property, and that he aided her in managing it. He declares on oath that he has barely kept even on his own earnings for several years, and has no property whatever subject to execution, except a judgment for $150 against some man from whom he has never been able to collect anything. The deputy merely produced records of the conveyances mentioned with some others from the office of the county clerk, and the attorney testifies that he searched the books and discovered that since 1904 the wife appears of record either as grantor or grantee or one of the parties to a transfer in 85 transactions. He says, further, that after judgment had been obtained herein he endeavored to get the defendant to pay the same; that in their interview the latter told him he would consider a cash settlement; but that later in the same conversation he broke off the negotiations. The witness states that the defendant did not say he did not have the cash or could not obtain it, but placed his decision solely on the ground that he would not settle the case.

2. It is not shown anywhere in any of the testimony that a dollar of the defendant's money was ever invested in any of the property now standing in his wife's name. Laying aside the fact that all the transfers to the latter were made long before the transaction out of which the judgment arose, her title, whether valid or fraudulent, could not be divested by this execution against the person of her husband, for she is not a party to this action. Whether the defendant acted in bad or good faith in the matter of her acquisition of title, the real truth is that he at the time had no property subject to execution. The imprisonment of the husband cannot be used as a means to ex-

tort from the wife the payment of his debts. The continuance of the imprisonment cannot be made to rest upon mere whim or caprice, or in utter disregard of the evidence. There is no testimony to sustain the result of the court's examination.

3. Without any dispute whatever the record shows that the defendant was destitute of means applicable to the satisfaction of the judgment, and it was the plain duty of the judge to administer the debtor's oath to him as prescribed in Section 4549, L. O. L., besides granting him the certificate of discharge.

4. In *King* v. *Voos*, 14 Or. 91 (12 Pac. 281), followed in *Livesley* v. *Heise*, 48 Or. 147 (85 Pac. 509), it was decided that a debtor may rightfully give his services, however valuable, to his wife, and that his creditors cannot complain of his so doing. That is all that appears to have been done in the present instance. Starting with her own money, the wife might rightfully avail herself of the services of her husband and his business acumen in the management of her property to the betterment of her holdings. A time there was when men might be themselves sold and compelled to render their personal services to those who purchased them; but that is not the law now.

The decision of the circuit judge is reversed and the cause remanded, with directions to administer to the defendant the oath formulated in Section 4549, L. O. L., and to grant him the certificate of discharge described in Section 4550, L. O. L.    REVERSED WITH DIRECTIONS.

MR. JUSTICE EAKIN did not sit.